# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| THE CATO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **FOR DECLARATORY RELIEF** |
| v. ) | |
| ) | |
| L.A. PRINTEX INDUSTRIES, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

Plaintiff, THE CATO CORPORATION ("Plaintiff" or "Cato"), for its Complaint against Defendant, L.A. PRINTEX INDUSTRIES, INC. ("Defendant" or "LAPI"), alleges as follows:

1. This is an action for a Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8100 Denmark Road, Charlotte, North Carolina 28273, and is doing business in this State and District.

3. On information and belief, Defendant is a corporation organized and existing under the laws of the State of California, and is doing business in this State and District.

4. Defendant is the alleged owner of U.S. Copyright Registration No. VA 1-359-234 ("Design").

5. Defendant, through its counsel, has alleged that Plaintiff has violated federal copyright laws, and has attempted to enforce its alleged rights against Plaintiff by way of legal action. Specifically, on June 15, 2010, Defendant filed a Complaint for copyright infringement

against Plaintiff in California (Case No. 2:10-cv-4416, hereinafter "California Action"), which Complaint accused Plaintiff's garments sold under SKU 13454442 with internal style number 8319 ("Accused Garments") of infringing Defendant's design. Defendant filed the California Action even though Plaintiff is not subject to personal jurisdiction in California, and consequently, Plaintiff has moved to dismiss the California Action for lack of personal jurisdiction and improper venue, and in the alternative, to transfer the action to this District.

6. This Court has jurisdiction over the subject matter of this action on the following grounds:

(a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

(b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

(c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged copyright rights.

7. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

8. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4. On information and belief, Defendant has conducted business in this State and District and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

9. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

10. Defendant has threatened Plaintiff's business, in this State and District and elsewhere, by accusing Plaintiff of unlawful actions, and has undertaken legal action in an improper forum as a result of these accusations.

11. Upon information and belief, the Accused Garments do not infringe upon any valid and enforceable copyright rights Plaintiff may have in the Design.

12. Upon information and belief, contrary to Defendant's allegations, Plaintiff has not violated any of Defendant's purported rights and is not liable to Defendant for copyright infringement or any other federal, state or common-law causes of action, in law or in equity.

13. Upon information and belief, Plaintiff is not liable to Defendant for any monetary damages and any other damages that Defendant now claims.

14. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

15. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendant under federal, state or common law and is not liable to Defendant for any claims, including any claim of copyright infringement concerning the Design.

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant, including any provisions of 17 U.S.C. § 101 *et seq.* or any other asserted federal, state, or common law laws;

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

3

Case 3:10-cv-00462-MOC-DSC   Document 1   Filed 09/19/10   Page 3 of 4

Plaintiff demands a trial by jury on all issues so triable.

Date: September 19, 2010

Respectfully submitted,

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 339-5981
E-mail: markwilson@mvalaw.com

*Attorneys for Plaintiff*