## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-462

| | | |
|---|---|---|
| THE CATO CORPORATION,<br>    Plaintiff, | ) )<br>) | |
| v. | ) )<br>) | |
| L.A. PRINTEX INDUSTRIES, INC.,<br>    Defendant. | ) )<br>) | Case No.3:10-cv-00462 |
| _____ | | **ORDER** |
| L.A. PRINTEX INDUSTRIES, INC.,<br>    Plaintiff, | ) )<br>) | |
| v. | ) )<br>) | Case No. 3:10-cv-00543 |
| THE CATO CORP., a<br>Delaware corporation;<br>VOLUMECOCOMO APPAREL, INC., a<br>California Corporation; LI & FUNG<br>LTD., a Hong Kong Limited Company;<br>LF USA, INC., A New York Corporation;<br>and DOES 3 through 10,<br>    Defendants. | ) )<br>) )<br>) )<br>) )<br>) | |

**THIS MATTER** is before the Court on Cato Corp.'s (Cato's) Motion for Sanctions

(Doc. 74).  For the reasons set forth below, Cato's Motion is **DENIED**.

### Findings and Conclusions

### I.      Background

Cato filed a Motion to Compel on March 27, 2012, requesting that this court order L.A.

Printex Industries, Inc. (L.A. Printex) produce certain documents and to produce a properly

informed Rule 30(b)(6) representative who could speak to the copyright registration application

for a design at issue between the parties.  Honorable David Cayer, United States Magistrate

-1-

Judge, granted Cato's Motion to Compel (Doc. 62), and ordered L.A. Printex to produce all documents responsive to Cato's discovery requests and pay all reasonable fees associated with taking its Rule 30(b)(6) witness deposition. The order further precluded L.A. Printex from relying on the Supplementary Application for a disputed work in subsequent filings.

Subsequently, L.A. Printex produced the Supplementary Application in its filings in support of its Motion for Partial Summary Judgment. See Memorandum in Support of L.A. Printex's Motion for Partial Summary Judgment, Exhibit 6. Additionally, L.A. Printex provided a Declaration of Jae Nah, President of L.A. Printex, admitting the existence of a "possible error" in the company's original copyright registration application for the disputed design. See Declaration of Jae Nah in Support of [L.A. Printex's] Motion for Partial Summary Judgment ¶ 10. Cato's Motion for Sanctions was filed shortly thereafter. Cato requests that this court dismiss L.A. Printex's copyright infringement claims against the corporation in light of recently divulged information and L.A. Printex's failure to adhere to the court's order of April 16, 2012.

Cato claims that Mr. Nah's declaration of a "possible error" is the first its counsel learned of the existence of a possible error on the original copyright application for the disputed design, and learning about this error at this stage of litigation prejudices the corporation in defending itself against copyright infringement claims. Cato further points out that L.A. Printex produced the Supplemental Application in its filings in support of L.A. Printex's Motion for Partial Summary Judgment in direct violation of Judge Cayer's order from April 16, 2012, which precluded such a filing. L.A. Printex argues that Cato was aware of the existence of the Supplemental Application for the disputed design as early as October 2011. L.A. Printex notes that the Supplemental Application is used to correct possible errors on a previously filed copyright registration application. See Form-CA: Basic Information,

-2-

http://www.copyright.gov/forms/formcawi.pdf (last visited June 25, 2012).  Because the

Supplemental Application is used for the purpose of correcting possible errors, and because Cato

was aware of the filing of this application before filing their Motion to Compel, L.A. Printex

argues that Cato was not prejudiced by Mr. Nah's declaration or by the filing of L.A. Printex's

Supplemental Application for the disputed design.  Further, L.A. Printex denies that it relied on

the Supplemental Application in its Memorandum in Support of its Motion for Partial Summary

Judgment.

## II.      Applicable Standard

Federal Rule of Civil Procedure 37(c)(1) provides:

> "A party that without substantial justification fails to disclose information
> required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery
> as requried by Rule 26(e)(2), is not, unless such failure is harmless, permitted
> to use as evidence at a trial, at a hearing, or on a motion any witness or
> information not so disclosed.  In addition to or in lieu of this sanction, the
> court, . . . may impose other appropriate sanctions.  In addition . . . these
> sanctions may include any of the actions authorized under Rule 37(b)(2)(A),
> (B), and (C) . . ."

The court must look to five factors to determine whether non-disclosure by a party meets the

"substantial justification" or "harmless" non-disclosure exceptions: 1) surprise to the party

against whom the evidence would be used; 2) the ability of the non-disclosing party to "cure" the

surprise; 3) whether allowing the evidence would disrupt the trial; 4) the importance of the

evidence; and 5) the non-disclosing party's explanation for not disclosing the evidence. See

Southern States Rack & Fixture v. Sherwin-Williams, 318 F.3d 592, 597 (4th Cir. 2003).

The court must reference the following factors to determine appropriate sanctions for

noncomplying parties: 1) bad-faith on the part of the non-complying party; 2) prejudice to the

complying party caused by the noncomplying party; 3) the need for deterrence for a particular

-3-

type of non-compliance; and 4) the effectiveness of less drastic sanctions. See Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001). "[D]ismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Seke v. Five Star Quality Care–OBX Operator, LLC, 2012 U.S. Dist LEXIS 7072, 3 (W.D.N.C. Jan. 23, 2012) (quoting Berry v. South Carolina Dept. of Social Services, 1997 U.S. App. LEXIS 22647, 4 (4th Cir. 1997). Further, the Court of Appeals for the Fourth Circuit notes that before an action is dismissed as to a party, the party must be given a "clear and explicit warning" of the consequences of failing to comply with the court's orders. Id.

## III.   Discussion

This court has reviewed the filings associated with this motion, and does not believe that the actions of L.A. Printex rise to the level of noncompliance that requires dismissal of L.A. Printex's claims against Cato. There is no evidence of "callous disregard to its obligations" or "very bad faith" on the part of L.A. Printex in either disclosing to Cato the existence of a possible error or in producing the Supplemental Application for a disputed design. The court reminds all parties of their continuing obligations to adhere to discovery requests and to comply with orders promulgated by this court. Finally, the prohibition contained in Judge Cayer's Order will be considered for an *in limine* instruction if this matter goes to trial. Absent resolution of costs by the parties, the court will consider any request for costs associated with noncompliance at the conclusion of trial.

## ORDER

**IT IS, THEREFORE, ORDERED** that Cato Corp.'s Motion for Sanctions is **DENIED**.

-4-

Signed: June 27, 2012

Max O. Cogburn Jr.
United States District Judge

-5-