# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-462

THE CATO CORPORATION, )
    Plaintiff, )
)
            v. )
)
L.A. PRINTEX INDUSTRIES, INC., )    Case No.3:10-cv-00462
    Defendant. )
)
_____ )       **ORDER**

L.A. PRINTEX INDUSTRIES, INC., )
    Plaintiff, )
)
            v. )    Case No. 3:10-cv-00543
)
THE CATO CORP., a )
Delaware corporation; )
VOLUMECOCOMO APPAREL, INC., a )
California Corporation; LI & FUNG )
LTD., a Hong Kong Limited Company; )
LF USA, INC., A New York Corporation; )
and DOES 3 through 10, )
    Defendants. )

**THIS MATTER** is before the Court on Li & Fung Limited's Motion to Dismiss

Plaintiff's Amended Complaint (Doc. 59).  For the reasons set forth below, Li & Fung Limited's

Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**, and L.A. Printex's claims

against Li & Fung Ltd. are dismissed with prejudice.

## I.    Background

In October 2010, L.A. Printex Industries, Inc. (L.A. Printex)  filed a complaint against

Cato Corporation (Cato) and "Does 1 through 10" based on copyrights to nine designs allegedly

held by L.A. Printex. See Doc. 1, Case No. 3:10-cv-00543.  The same month, Cato filed a

-1-

Complaint requesting declaratory relief as against L.A. Printex. See Doc. 1. L.A. Printex

amended its complaint in the present case to include claims as to D40314, D40057, and D40255.

See L.A. Printex's First Amended Complaint ¶ 8. In February 2011, the parties moved to

consolidate Cato's action seeking declaratory relief and Case No. 3:10-cv-00543, filed by L.A.

Printex against Cato and "John Does 1-10," and the cases were consolidated on March 3, 2011.

See Doc. 7.

On January 27, 2012, L.A. Printex filed its First Amended Complaint (Doc. 20)

identifying VolumeCocomo Apparel, Inc.[1], Li & Fung Ltd., and LF USA, Inc. as defendants in

civil action No. 3:10-cv-462. Cato moved to strike LF USA, Inc., as a defendant from L.A.

Printex's Amended Complaint, as LF USA, Inc.'s addition as a party exceeded L.A. Printex's

Proposed Amended Complaint; this court granted the motion to strike on March 27, 2012. See

Doc. 54. Subsequently, Li & Fung Ltd. filed a Motion to Dismiss for Lack of Personal

Jurisdiction and Insufficient Service of Process on April 12, 2012. See Defendant's Motion to

Dismiss for Lack fo Personal Jurisdiction and Insufficient Service of Process.

## II.     Standard for Review

### A.      Rule 12 Standard

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a

particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on

Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it

explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the

---

[1]VolumeCocomo Apparel, Inc. was terminated from the action on March 8, 2012.
VolumeCocomo Apparel, Inc. filed a Motion to Dismiss (Doc. 30) on February 24, 2012. L.A.
Printex filed a Notice of Voluntary Dismissal (Doc. 40) as to VolumeCocomo on March 6, 2012.

evidence.   When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial.   Id.   When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted).  A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing.  Bakker, at 676.  Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing  the most favorable inferences for the existence of jurisdiction.  Id.

###### B.        Personal Jurisdiction

Determining whether a court may exercise jurisdiction over a non-resident defendant requires a two-step inquiry: (1) whether a forum state's long-arm statute authorizes jurisdiction; and (2) if it does, whether the assertion of jurisdiction would none the less be inconsistent with due process. Diagnostic Devices, Inc. v. Pharma Supply, Inc., No. 3:08-cv-149, 2009 WL 3633888, at *6 (W.D.N.C. Oct. 30, 2009) (citing Christian Science Bd. of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)).

North Carolina's long arm statute is construed to the same extent as permitted by the Due Process Clause. Cost Mgmt. Performance Group v. Sandy Spring Bank, LLC, No.3:09-cv-340, 2009 WL 3247852, at *3 (W.D.N.C. Oct. 5, 2009). Thus, the jurisdictional requirements "merge" into a single inquiry as to whether the defendant has purposefully established "minimum contacts" with the forum state. Id.

-3-

A court may exercise specific or general jurisdiction over a defendant. Specific jurisdiction exists when the cause of action arises out of or is related to the defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (hereinafter Helicopteros) . To determine if specific jurisdiction exists, a court examines (1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, (2) whether the claims arise out of defendant's activities in the state, and (3) whether the exercise of jurisdiction is constitutionally reasonable. See ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 713 (4th Cir. 2002) (referring to "the requirements for establishing specific jurisdiction ..., which require[] purposeful conduct directed at the State and that the plaintiff's claims arise from the purposeful conduct") (emphasis in original).

When the cause of action does not arise out of or relate to the defendant's contacts with the forum state, the defendant may be still be subject to general jurisdiction. Helicopteros, 466 U.S. at 414-15. In order for a court to have general jurisdiction over a defendant, the defendant's activities in the forum state must have been "continuous and systematic," Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945). The standard for general jurisdiction is "a more demanding standard than is necessary to establish specific jurisdiction." ALS Scan, Inc., 293 F.3d at 712. The "casual presence of the corporate agent or ... his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to general jurisdiction." Int'l Shoe, 326 U.S. at 317. In some situations, "continuous activity of some sort within a state [may] not [be] enough to support" general jurisdiction. Id. at 318. "Purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction." Helicopteros, 466 U.S. at 417. Neither are advertising and solicitation alone sufficient for

-4-

jurisdiction. Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993) (citing Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir. 1971)). "[C]ontacts between the corporation and the state must be fairly extensive before the burden of defending suit [in the forum state] may be imposed upon it without offending traditional notions of fair play and substantial justice." Ratliff, 444 F.2d at 748 (internal citations omitted). Thus, "[o]nly when the continuous corporate operation within a state [is] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities may a court assert general jurisdiction over a corporate defendant." Nichols, 991 F.2d at 1199 (quoting Int'l Shoe Co., 326 U.S. at 318).

### III.    Discussion

Review of Defendant's Memorandum in Support of its Motion to Dismiss and accompanying affidavits reveal that Li & Fung Ltd. is not subject to personal jurisdiction in the Western District of North Carolina.  Li & Fung Ltd. is a holding company organized under the laws of Bermuda with a place of business in Hong Kong.  See Declaration of Marcus Tsang in Support of Li & Fung Ltd.'s Motion to Dismiss ¶ 2.  The company is a passive publicly traded holding company, which is traded on the Hong Kong Stock Exchange. Id. ¶ 2-3.  The company does not manufacture, sell, market, distribute or license any products anywhere in the world and does not provide any goods or services for which it receives revenues from any of its subsidiaries. Id. ¶ 3-5.

Further, Li & Fung Ltd. does not conduct any business or commercial activities in North Carolina, nor does the company have any employees or a bank account in the state.  Id. ¶ 6-10. Li & Fung Ltd. is an "indirect parent" of LF USA, a party added in L.A. Printex's First Amended Complaint and subsequently dismissed from the action, as discussed above.

-5-

L.A. Printex alleges that Li & Fung Ltd. directly oversees and manages all of its subsidiaries, including LF USA, and because LF USA is allegedly subject to personal jurisdiction in North Carolina, this court can exercise its jurisdiction over its parent company as an agency or alter-ego relationship. L.A. Printex provides neither evidence to support these claims nor dispute the claims made by Li & Fung Ltd. regarding the status of the company's contacts in this state. Piercing the corporate veil would require plaintiff to produce evidence relevant to a number of factors:

> gross undercapitalization of the subservient corporation; failure to observe corporate formalities; nonpayment of dividends; siphoning of the corporation's funds by the dominant corporation; non-functioning of officers and directors; absence of corporate records; and the fact that the corporation is merely a facade for the operation of the dominant stockholder or stockholders. *Keffer*, 872 F.2d at 65 (*citing DeWitt Truck Brokers*, 540 F.2d 681, 685-87)

DP Envtl. Servs. v. Bertlesen, 834 F. Supp. 162, 166 (M.D.N.C. 1993). L.A. Printex has provided no proffer that would satisfy any of the above factors.

Inasmuch as Li & Fung Ltd. does not maintain contacts sufficient to subject the company to either general or specific personal jurisdiction in the Western District of North Carolina under either the Due Process Clause or the North Carolina long arm statute, the Rule 12(b)(2) Motion to Dismiss will be allowed. Because the court dismisses this defendant for lack of service of process, the court will not address Li & Fung Limited's claim of insufficient service of process, but it does not appear that plaintiff has served this defendant in the manner prescribed by the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Plantiff's

Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**, and the

plaintiff's Complaint as to this defendant is **DISMISSED** with prejudice.

Signed: June 27, 2012

Max O. Cogburn Jr.
United States District Judge