**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00462
[Consolidated with 3:10cv543]**

| | | |
|---|---|---|
| THE CATO CORPORATION,<br>    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| L.A. PRINTEX INDUSTRIES, INC., | ) | Case No.3:10-cv-00462 |
|     Defendant. | ) | |
| | ) | |
| _____ | | **ORDER** |
| | | |
| L.A. PRINTEX INDUSTRIES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-00543 |
| | ) | |
| THE CATO CORP., a | ) | |
| Delaware corporation; | ) | |
| VOLUMECOCOMO APPAREL, INC., a | ) | |
| California Corporation; LI & FUNG | ) | |
| LTD., a Hong Kong Limited Company; | ) | |
| LF USA, INC., A New York Corporation; | ) | |
| and DOES 3 through 10, | ) | |
|     Defendants. | ) | |

**THIS MATTER** is before the Court on L.A. Printex Industries, Inc.'s (L.A. Printex)

Motion for Partial Summary Judgment (Doc. 63) and Cato Corporation's (Cato) Motion for

Summary Judgment (Doc. 67). For the reasons set forth below, L.A. Printex's Motion for Partial

Summary Judgment is **DENIED** and Cato's Motion for Summary Judgment is **GRANTED** as to

claims based on design D40314 and **DENIED** as to claims based on designs D40255 and

D40057.

**FINDINGS AND CONCLUSIONS**

1

## I.    Nature of the Action

Cato is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Charlotte, North Carolina.  See Complaint for Declaratory Relief, ¶ 2. Cato operates over 1200 specialty stores in thirty-one (31) states, primarily in the southeast.  See Amended Memorandum in Support of Cato Corporation's Motion for Summary Judgment, p. 1.  Cato's retail stores sell primarily fashion apparel and accessories.  Id.

L.A. Printex is a Los Angeles, California-based printing mill that creates and obtains rights to two-dimensional graphic artworks for use on textiles which are used primarily in the fashion industry.  See L.A. Printex's First Amended Complaint, p. 2.

L.A. Printex alleges that Cato, Li & Fung Ltd.[1], VolumeCocomo Apparel, Inc.[2], and seven other defendants copied L.A. Printex copyrighted designs D40314, D40255, and D40057.

## II.    Background

### A.    Procedural Background

L.A. Printex filed a Complaint for copyright infringement against Cato and other alleged infringers in California (L.A. Printex Industries, Inc. v. Rite Aid Corp, et. al., Case No. 2:10-cv-4416, Central District of California).  See Exhibits 2, 3 to Memorandum in Support of Cato's Motion for Summary Judgment.  Cato moved to dismiss the California action, contending it was not subject to personal jurisdiction in California, and filed a Complaint for Declaratory Relief

---

[1]Li & Fung Ltd. has been dismissed from this action subject to an order from this court on June 27, 2012.

[2]VolumeCocomo Apparel, Inc. was terminated from the action on March 8, 2012. VolumeCocomo Apparel, Inc. filed a Motion to Dismiss (Doc. 30) on February 24, 2012.  L.A. Printex filed a Notice of Voluntary Dismissal (Doc. 40) as to VolumeCocomo on March 6, 2012.

2

(Doc. 1) in this court September 19, 2010, requesting that the court find that Cato has not infringed any copyright owned by L.A. Printex.

In October 2010, L.A. Printex's filed a complaint against Cato and nine Doe Defendants based on copyrights to nine designs allegedly held by L.A. Printex in this court. See Doc. 1, Case No. 3:10-cv-00543. L.A. Printex amended its complaint in the present case to include claims as to only three designs: D40314, D40057, and D40255. See L.A. Printex's First Amended Complaint ¶ 8. In February 2011, the parties moved to consolidate Cato's action seeking declaratory relief against L.A. Printex and L.A. Printex's action against Cato for copyright infringement. These cases were consolidated on March 3, 2011. See Doc. 7.

L.A. Printex filed a Notice of Abandonment (Doc. 44) of all claims associated with design D40314 on March 8, 2012 because prior litigation regarding this design was dismissed with prejudice in March 2011. After such abandonment, L.A. Printex addresses only its claims regarding designs D40057 and D40255 in its filings.

L.A. Printex filed a Motion for Partial Summary Judgment (Doc. 63) on April 16, 2012. L.A. Printex requests that the court enter judgment in its favor as to Cato's liability for copyright infringement of designs D40057 and D40255. On the same day, Cato filed a Motion for Summary Judgment (Doc. 67) requesting judgment in its favor on all pending copyright infringement and vicarious and/or contributory copyright infringement claims as to D40057, D40255, and D40314. Cato contends that D40314 was not properly abandoned under Fed. R. Civ. P. 41.

B.    Factual Background

i.    Design D40057.

3

L.A. Printex created design D40057 in 2003 and subsequently applied for and received a copyright registration from the U.S. Copyright Office for such work. <u>See</u> Exhibit 2 to L.A. Printex's Memorandum in Support of its Motion for Partial Summary Judgment. In 2008, L.A. Printex discovered that Cato stores were selling apparel bearing a design that looked very similar to the protected work. Cato disputes the validity of the copyright registration for D40057 by asserting that L.A. Printex misrepresented the true author of the design on its registration and incorrectly grouped the designs on the "single work" copyright registration application. Cato contends that these errors invalidate the copyright registration for this design, and thus precludes L.A. Printex from bringing a copyright infringement suit for this work; however, Cato does not dispute the validity of the copyright registration for this design in its own Motion for Summary Judgment.

   **ii.**  **Design D40255**.

In 2005, L.A. Printex purchased artwork from Blue Studios. <u>See</u> Exhibit 4 to L.A. Printex's Memorandum in Support of its Motion for Partial Summary Judgment. L.A. Printex claims that they altered the work purchased from Blue Studios and designated the work as design D40255. L.A. Printex then applied for and received a copyright registration from the U.S. Copyright Office for D40255 in February 2005. <u>See</u> Exhibit 6 to L.A. Printex's Memorandum in Support of its Motion for Partial Summary Judgment. In 2009, L.A. Printex noticed that Cato stores were selling apparel with a design very similar to D40255. Cato disputes the validity of L.A. Printex's copyright registration for this design because of alleged errors on the copyright registration form.

   **iii.**  **Access to the Disputed Works**.

L.A. Printex distributed designs D40057 and D40255 to garment vendors and fabric

converters in the Los Angeles, California-area.  See Exhibit 6 to Cato's Memorandum in Support of Cato's Motion for Summary Judgment; see also Declaration of Jae Nah in Support of L.A. Printex's Motion for Partial Summary Judgment ¶ 12. Cato disputes that they, their customers, or their vendors came into contact with L.A. Printex's designs.  Cato argues that because it had no access to L.A. Printex's designs, it did not copy the designs.

### III.     Standard for Review

#### A.     Summary Judgment

Plaintiffs and defendants have moved for summary judgment.  Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense —
> or the part of each claim or defense — on which summary judgment is sought.
> The court shall grant summary judgment if the movant shows that there is no
> genuine dispute as to any material fact and the movant is entitled to judgment as a
> matter of law.  The court should state on the record the reasons for granting or
> denying the motion.

Fed.R.Civ.P. 56(a).  The rule goes on to provide procedures for responding to a Motion for Summary Judgment:

> **(c) Procedures.**
>
> **(1) Supporting Factual Positions.**  A party asserting that a fact
> cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,
> affidavits or declarations, stipulations (including those made for
> purposes of the motion only), admissions, interrogatory answers,
> or other materials; or
>
> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible**

5

**Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

**(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the

6

party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem.  Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).  Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves.  United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971).  When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper.  Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255.  In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law."  Id., at 252.

In this case, cross-motions for summary judgment have been filed.  Where cross motions for summary judgment are filed, such motions are

> no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist. If any such issue exists it must be disposed of by a plenary trial and not on summary judgment.
> In short, the mere fact that both parties seek summary judgment does not constitute a waiver of a full trial or the right to have the case presented to a jury.

Wright & Miller,  10A Fed. Prac. & Proc. Civ.3d § 2720.

## IV.  Discussion

A plaintiff claiming copyright infringement must establish "*ownership* of the copyright by the plaintiff and *copying* by the defendant." Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988) (emphasis added). Under 17 U.S.C. § 410(c) (2011), the registration

7

certificate constitutes *prima facie* evidence of the "validity of the copyright and the facts stated in the certificate." Where a copyright registration certificate from the U.S. Copyright Office exists, the defendant carries the burden in disputing the validity of the copyright. See M. Kramer Mfg. Co. v. Andrews, 783 F.3d 421, 434 (4th Cir. 1986).

Ordinarily, a party making a claim of copyright infringement must hold valid copyright registration to the allegedly copied work. See 17 U.S.C. 411(a) (2011). The U.S. Supreme Court, however, recently held that a valid copyright registration, under certain circumstances, is not a jurisdictional prerequisite to bring a copyright infringement suit. Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1248 (2010).

Copying a protected work, in the absence of direct evidence, can be established by looking to circumstantial evidence that the alleged copier had access to the copyrighted design and that the copyrighted design and alleged infringing work(s) are substantially similar. See Towler v. Sayles, 76 F.3d 579, 581-82 (4th Cir. 1996). Access can also be inferred by: (1) evidence of review of the work by an employee of the alleged copier; (2) evidence of possession by a third-party intermediary between the parties; (3) evidence that the work was widely disseminated; and (4) evidence that the works are strikingly similar. See Zervitz v. Hollywood Pictures, Inc., 989 F. Supp. 727, 729 (D. M.d 1995). The alleged copier must have had more than a "mere opportunity" to view the work, such that it must be "reasonably possible that the paths of the infringer and the infringed work crossed." Id. Substantial similarity can be established by demonstrating that the designs are extrinsically (contain similar ideas) and intrinsically (expressed in similar manner) similar. See Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001).

Other circuits have held that where two designs–one copyrighted and one the alleged

infringer–are "strikingly similar," the striking similarity "precludes the possibility of independent creation," serves as a demonstration of copying, and dispenses with the access inquiry. See Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350, 356 (4th Cir. 2001) (quoting Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 113 (5th Cir. 1978)). The Fourth Circuit has explicitly not abandoned the access requirement through a showing of striking similarity. See id.

This case involves a three part inquiry. For L.A. Printex to succeed in this copyright infringement suit, the court must find that L.A. Printex *owned* the rights to designs D40255, D40057, and D40314. The court must further find that Cato *copied* the designs, which can be established by evidence of Cato's *access* to the designs and *substantial similarity* between L.A. Printex's copyrighted works and designs found on Cato's apparel. For Cato to succeed, L.A. Printex must fail to prove any one of these three requirements.

The parties do not dispute that the designs printed on Cato's apparel are substantially similar to L.A. Printex designs D40255 and D40057, so the issues to be resolved by the court are (1) whether L.A. Printex owns the rights to designs D40255 and D40057 and (2) whether L.A. Printex produced evidence sufficient to establish that Cato had access to its designs. If ownership and access are found in L.A. Printex's favor, L.A. Printex is entitled to summary judgment on claims based on designs D40057 and D40255 as the parties do not dispute the substantial similarity of the designs. If either ownership or access are decided in Cato's favor, Cato is entitled to summary judgment.

### A. Ownership of Designs D40057 and D40255

#### i. Ownership of Design D40057.

The parties dispute the validity of the copyright registration for design D40057. Cato

9

argues that the copyright registration for D40057 is invalid because the design does not meet the requirements of a "single work" registration. For registration purposes, a single work "includes all copyrightable elements that are included in a single unit of publication." <u>See</u> U.S. Copyright Office: Circular Forty, Copyright Registration for Works of the Visual Arts, http://www.copyright.gov/circs/circ40.pdf (last visited June 21, 2012). Publication is defined as the "distribution of copies of a work to the public by sale or other transfer of ownership by rental, lease, or lending." <u>Id</u>.

Cato also disputes the authorship of design D40057, and claims that questions of authorship invalidate the copyright registration for this design. L.A. Printex initially claimed that design D40057 was created by Moon Choi. <u>See</u> Exhibit 5 to Doc. 68, p. 4. Later, L.A. Printex claimed that this design was created by Jennifer Kwon. <u>See</u> L.A. Printex's Memorandum in Support of its Motion for Partial Summary Judgment, p. 2. Ms. Choi stated in her deposition that design D40057 and the other designs submitted to the U.S. Copyright Office were submitted together because they were created around the same time. <u>See</u> Exhibit 1 to Cato's Memorandum in Opposition to L.A. Printex's Motion for Partial Summary Judgment, p. 53-54. Cato alleges that the inconsistency in authorship and the reason provided by Ms. Choi regarding the completion of the single work registration calls into question the validity L.A. Printex's copyright registration.[3]

L.A. Printex denies any errors on its registration for design D40057 and, in the alternative argues that if any error were to be found on the registration, that the errors would not

_____

[3]The court notes that while Cato raises these argument it its response to L.A. Printex's Motion for Partial Summary Judgment, it fails to question the authorship of design D40057 in its filings supporting its Motion for Summary Judgment.

invalidate the copyright registration for the design.  L.A. Printex filed an Amended

Memorandum stating that Moon Choi created design D40057, consistent with the Declaration of

Jae Nah, president of L.A. Printex, Inc.  See Amended Memorandum in Support of its Motion

for Summary Judgment, p. 2; see also L.A. Printex's Reply in Support of its Motion for

Summary Judgment, p. 1, note 1.

Courts have routinely held that errors on a copyright registration form do not invalidate

the registration in the absence of a showing of fraud on the part of the copyright holder.  See

generally Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140 (9th Cir. 2003)

(holding that inadvertent mistakes on a copyright registration does not invalidate the registration

unless the copyright claimant intended to defraud the U.S. Copyright Office); see also 2 Melville

B. Nimmer and David Nimmer,  Nimmer on Copyright § 7.20 (Matthew Bender, Rev. Ed.).

Cato has not produced evidence upon which a reasonable fact finder could conclude that L.A.

Printex intended to defraud the U.S. Copyright Office. Cato has failed to raise genuine issue of

material fact as to the ownership of L.A. Printex's design D40057.

### ii.     Ownership of Design D40255.

A genuine issue of material fact exists regarding the ownership of design D40255.  Based

on the current record, a reasonable jury could find for either party.  To determine the question of

ownership of design D40255, the fact finder must determine whether this design is a derivative

work or is simply a purchased work that has not been altered by L.A. Printex.  If the fact finder

determines that the design is a derivative work, the date of sale of the original work from Blue

Studio to L.A. Printex is not considered the date of publication for the design, as argued by Cato.

Instead, the proper date of publication of this design would be the date reflected by L.A. Printex

on its copyright registration for the design. An error in regards to the derivative nature of a work

on a copyright registration form does not, on its own, deem the copyright registration invalid. See Service & Training, Inc. v. Data General Corp., 963 F.2d 680, 689 (4th Cir. 1992).

If the fact finder determines that this design is not a derivative work, but is instead a reproduction of the original work purchased from Blue Studio, the fact finder must determine whether the publication date on the copyright registration invalidates the registration for the work.

The parties dispute whether an error exists in the copyright registration for D40255 and the effect of such an error. Cato argues that L.A. Printex's copyright registration for design D40255 is invalid because of an error in the publication date of design D40255 and because L.A. Printex misrepresented the derivative nature of the work to the U.S. Copyright Office on the copyright registration application and in subsequent communication with the U.S. Copyright Office. Cato further contends the registration does not meet the requirements for "single work" registrations. As noted above, to qualify as a single work registration, all individual works within the single work registration must be published together in the same publication on the same date. Cato argues that D40255 was first published in January 2005 when the design was sold to L.A. Printex from Blue Studios. A transfer of ownership qualifies as publication. See 17 U.S.C. § 101 (2011).

A derivative work is one that may be copyrighted and that is based on an already existing work "... in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101 (2011). In short, Cato contests that D40255 is a derivative work and alleges that the design is, in fact, an original work by Blue Studio purchased by L.A. Printex. Cato produced evidence that L.A. Printex represented to the Copyright Office and in prior litigation that the design is not a derivative work, but instead an original work. See Exhibit 5 to Cato's Reply in Support of its

12

Motion for Summary Judgment, p. 1. Cato argues that the date of publication listed on L.A. Printex's copyright registration for this design does not reflect the date of purchase, and this error invalidates the registration. L.A. Printex argues that D40255 is a derivative work that is based on a design purchased from Blue Studio. L.A. Printex denies the existence of any error in its registration for this design. L.A. Printex argues in the alternative that the errors are harmless and do not effect the validity of the registration form for that design, in the absence of fraud on the part of the registrant. L.A. Printex maintains that they completed the copyright registration in good faith.[4]

A genuine issue of material fact exists as to the derivative nature of design D40255; thus there is a genuine issue of material fact as to the ownership of that work.

**B.     Cato's Access to Designs D40057 and D40255**

As noted above, copying a protected work, in the absence of direct evidence, can be established by looking to circumstantial evidence that the alleged copier had access to the copyrighted design and that the copyrighted design and alleged infringing works are substantially similar. See Towler v. Sayles, 76 F.3d 579, 581-82 (4th Cir. 1996). The plaintiff must establish that the alleged infringer had more than a "mere possibility" of viewing the works, but rather that a "reasonable opportunity" existed for the paths of the original work and the infringer to cross. See Zervitz v. Hollywood Pictures, Inc., 989 F. Supp. 727, 729 (D. Md. 1995).   The parties do not dispute the substantial similarity between L.A. Printex's designs and Cato's allegedly infringing works; however, substantial similarity or striking similarity absent a showing of access cannot support an inference of copying.  See Bouchat v. Baltimore Ravens,

_____

[4]Cato does not claim that L.A. Printex committed fraud on the U.S. Copyright Office as to this design.

Case 3:10-cv-00462-MOC-DSC   Document 110   Filed 06/27/12   Page 13 of 16

Inc., 241 F.3d 350, 356 (4th Cir. 2001).

A genuine issue of material fact exists regarding Cato's access to L.A. Printex's designs. Based on the record evidence, a reasonable jury could find for either party. L.A. Printex produced evidence that the company distributed tens of thousands of yards of the designs in question over the course of several years in the Los Angeles area before Cato offered the disputed designs in its stores. See Exhibit 6 to Cato's Memorandum in Support of Cato's Motion for Summary Judgment; see also Declaration of Jae Nah in Support of L.A. Printex's Motion for Partial Summary Judgment ¶ 12. A reasonable jury could infer that L.A. Printex's customers in the Los Angeles area distributed the fabric bearing designs D40057 and D40255 outside the Los Angeles area. Beyond such an inference, L.A. Printex does not provide actual evidence of its customers' distribution efforts and does not identify any specific Cato vendors, customers, or third parties that may have had access to L.A. Printex's designs. Likewise, Cato does not identify its vendors, customers, or employees located near the Los Angeles area who may have come into contact with L.A. Printex's designs. Cato operates 1,200 stores across the country, including stores as far west as Cottonwood, Arizona, which is located less than 500 miles from Los Angeles, CA. See Exhibit 1 to Cato's Memorandum in Support of its Motion for Summary Judgment, p. 4; see also Cato Corporation Store Locator, http://www.catofashions.com/locator (last visited June 25, 2012). While Cato has shown that its manufacturers are located in India and Indonesia, See Cato's Memorandum in Opposition to L.A. Printex's Motion for Partial Summary Judgment, p. 16, there is absolutely no evidence concerning possible access Cato may have had to that design through retail shops that may have sold the design in finished form locally.

Additional discovery regarding the distribution of L.A. Printex's designs as well as

Cato's market research may be required to resolve the question of Cato's access to L.A. Printex's designs D40057 and D40255.

###    C.    Design D40314.

No genuine issue of material fact exists regarding L.A. Printex's claim under design D40314. L.A. Printex filed a Notice of Abandon its claim based on this design (Doc. 44), and does not dispute any claims associated with this design in its filings. Further, L.A. Printex neither addresses Cato's claims regarding D40314 in its response to Cato's Motion for Summary Judgment on all claims nor does it raise this design in its Motion for Partial Summary Judgment. Cato argues that the Notice of Abandonment is procedurally ineffective and requests that the court directly address this claim.

While the undersigned was, as a magistrate judge, obliged to follow the decisions of the district court, as a district judge the undersigned is not under that obligation. In questioning whether L.A. Printex properly abandoned its claim, Cato relies on decisions of the undersigned that followed a district court determination that Rule 41(a)(2) is not a proper vehicle for dismissing less than an entire action. See Gahagan v. North Carolina Hwy. Patrol, 1:00-cv-52 (W.D.N.C. Oct. 25, 2000). As a district judge, however, the undersigned has declined to give deference to that decision. See Klakulak v. Americanhomekey, Inc., 3:11cv388 (W.D.N.C. April 10, 2012) (Order #52). Such departure was based on a more recent decision from the Court of Appeals for the Fourth Circuit suggesting that Rule 41(a)(2) be applied less rigidly than suggested in Gahagan:

> Because Rule 41(a)(2) provides for the dismissal of "actions" rather than claims, it can be argued that Rule 15 is technically the proper vehicle to accomplish a partial dismissal of a single claim, but similar standards govern the exercise of discretion under either rule. See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1479 (2d ed. 1990); see also Deasy v.

> Hill, 833 F.2d 38 40 (noting that the "disposition of a motion to amend is within the sound discretion of the district court.")

Miller v. Terramite Corp., 114 Fed.Appx. 536, 540 (4th Cir. 2004).  Having considered L.A. Printex's Notice of Abandonment and reviewed the pleadings and determined that such abandonment is in essence a voluntary dismissal based on terms the court considers proper in accordance with Rule 41(a)(2), Fed. R. Civ. P., the court cannot find any extant claim exists as to such work.

Because the parties do not dispute any substantive issues associated with this design, dismissal of any claims based on such design is appropriate.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1) L.A. Printex's Motion for Partial Summary Judgment is **DENIED**, and

2) Cato Corp.'s Motion for Summary Judgment is **GRANTED** as to claims based on design D40314 and **DENIED** as to designs D40255 and D40057, and

3) all claims against Cato based on D40314 are **DISMISSED** with prejudice.


Signed: June 27, 2012

Max O. Cogburn Jr.
United States District Judge

16