IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CONSOLIDATED 3:10CV462-MOC-DSC

| | |
|---|---|
| THE CATO CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **CERTIFICATION OF FACTS** |
| L.A. PRINTEX INDUSTRIES, INC., | ) |
| Defendant. | ) |
| | ) |
| L.A. PRINTEX INDUSTRIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE CATO CORPORATION and LF USA, INC., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "The Cato Corporation's Motion for an Order to Show Cause Why Stephen Doniger and Doniger/Burroughs APC Should Not be Held in Contempt and for Injunction Expedited Consideration Requested," Doc. 125. For the reasons that follow, it is **RECOMMENDED** that a show cause order be issued for Stephen Doniger to appear before the District Judge on a date certain and show cause why he should not be held in contempt of court.

### I. MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges and states "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the

power to exercise contempt authority as set forth in this subsection." 28 U.S.C. § 636(e)(1). The statute sets out the criminal contempt authority of a magistrate judge, the scope of his or her civil contempt authority in civil consent and misdemeanor cases and the scope of his or her authority with regard to other contempts. Because this matter involves the disclosure of confidential information that was produced in a civil case where the parties have not consented to magistrate judge jurisdiction, Section 636(e)(6)(B) of the United States Magistrate Judges Act controls.

Section 636(e)(6)(B) of the United States Magistrate Judges Act provides that when a person commits an act that constitutes a criminal contempt outside the presence of the magistrate judge or a civil contempt the following occurs:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

## II. CERTIFIED FACTS

This is a dispute involving allegations by L.A. Printex that Cato infringed its purported copyright rights in fabric designs. The case is presently set for trial on December 3, 2012.

On October 27, 2011, the undersigned entered a Protective Order, Doc. 13, in this case. Paragraph 1 of the Protective Order describes the types of materials that may be designated "Confidential":

> A document should be designated "Confidential" when it contains confidential information that may be reviewed by certain named persons of the receiving party

but must be protected against disclosure to third parties.

Pursuant to Paragraph 3 of the Protective Order, both use and disclosure are strictly limited:

> Information designated "Confidential"…may be used only in connection with this litigation, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

Finally, Paragraph 6 of the Protective Order explicitly limits the individuals who may have access to documents marked "Confidential":

> Any documents stamped 'Confidential' as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:
> (a) Attorneys of record for the receiving party, their employees and other attorneys and/or employees of their firms;
> (b) Judges, law clerks and other clerical personnel of the Court before which this action is pending, provided that submission of such documents to the Court shall comply with this Order;
> (c) Independent experts; and
> (d) Officers, directors, or employees of the parties solely for the purpose of and to the extent necessary for prosecuting, defending and/or appealing this litigation.

Doc. 13.

On July 19, 2012, Meridian Textiles, Inc. ("Meridian"), represented by Stephen Doniger of Doniger/Burroughs APC, filed a complaint alleging copyright infringement against Cato and other defendants in the U.S. District Court for the Central District of California, Case No. 2:12-cv-06233-JFW-AJW (the "Meridian litigation"). In the Meridian litigation, Cato (along with another Defendant in that case, Belk Stores Services, Inc.) moved to dismiss the lawsuit for lack of personal jurisdiction and improper venue, or alternatively, to transfer venue to the Western District of North Carolina. Meridian Textiles, Case No. 2:12-cv-06233-JFW-AJW, Doc. No. 15. In response to Cato's Motion to Dismiss, Mr. Doniger, on behalf of Meridian, filed an opposing brief and supporting declaration. In his brief, Mr. Doniger argued that Cato and Belk are subject to general jurisdiction in California and stated that

> In those cases, [Cato and Belk] have produced documentation showing that they have regular shipping, logistics, and other business contacts with California – documents that have been marked as confidential, and in some cases "Attorneys' Eyes Only" that cannot presently be lodged with the Court since there is no protective Order in place, but will be brought to the hearing of this motion if necessary.

<u>Meridian Textiles</u>, Case No. 2:12-cv-06233-JFW-AJW, Doc. No. 16.

In his declaration, he stated :

> In Case No. 3:10-cv-00462-MOC I received docuemktns [sic] from Cato through discovery including logistics records that demonstrate that the entirety of Cato's California shipping under 10,000 pounds is assigned to Am-Can Transport, a California company. This shows both another California company that Cato works with and that it does sufficient shipping in and through California that it has a separate logistics company specifically dedicated to servicing its
> California activities.

<u>Meridian Textiles</u>, Case No. 2:12-cv-06233-JFW-AJW, Doc. No. 18, p. 20.  The information disclosed in this declaration comes from a document produced by Cato in this case which was marked "Confidential" and is subject to the Court's Protective Order of October 27, 2011.

### III.  <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the District Judge issue a show cause order to Stephen Doniger to appear at a date certain for a hearing during which he may show cause why he should not be held in contempt for violating the Court's Protective Order entered on October 27, 2011.

The Clerk is directed to send copies of this Certification of Facts to the counsel for the parties; <u>and to the Honorable Max O. Cogburn, Jr</u>.

4

**SO RECOMMENDED.**

Signed: November 9, 2012

David S. Cayer
United States Magistrate Judge